7 F.3d 1046
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Russell K. WEBBER, Defendant-Appellant.
 No. 92-3316.
 United States Court of Appeals, Tenth Circuit.
 Sept. 22, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Russell Webber brought this action under 28 U.S.C. 2255 (1988) to vacate, set aside, or correct his sentence. The district court denied his motion. On December 4, 1986, Mr. Webber was sentenced to a five year prison term and a three year special parole term. The underlying offenses, two counts of possession with intent to distribute, were committed on or about April 6, 1985. Mr. Webber has violated his special parole and is currently incarcerated. Mr. Webber now argues that the sentencing court was without the authority to impose a sentence of special parole. We affirm.
 
 
 3
 Mr. Webber contends that amendments in the drug laws repealed the statutory authority to impose a term of special parole. Rather, Mr. Webber argues, he should have been sentenced to supervised release. In Gozlon-Peretz v. United States, 111 S.Ct. 840 (1991), the Supreme Court addressed this very issue. The Sentencing Reform Act of 1984 did revoke the requirement of special parole for certain drug offenses and replaced special parole with supervised release. Id. at 844. However, this act did not become effective until November 1, 1987. Id. The Anti-Drug Abuse Act (ADAA) was enacted in the interim on October 27, 1986. The ADAA also substituted supervised release for special parole. The Court held that ADAA applied to "crimes committed between October 27, 1986, and November 1, 1987." Id. at 849.
 
 
 4
 Although Mr. Webber was sentenced after the effective date of the ADAA, his offenses were committed before that date. Because Mr. Webber's crimes were committed before this time period, the sentencing court was within its authority to impose a sentence of special parole. The opinion of the district court is AFFIRMED and the motion is DENIED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3